## JAMES H. HERRON CO. v. JONES.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 7698. Decided Nov. 14, 1927.

Syllabus by Editorial Staff.

708. LEASES—297. Contracts — Where contract to execute lease contains no express provision against sub-letting, owner must execute lease without such provision.

753. MEASURE OF DAMAGES—Is difference between amount of rent that was to have been paid and actual value of lease.

916. PETITION—Alleging that lease was reasonably worth $3,000 and that, by defendant's refusal to execute lease, plaintiff has been damaged to that extent, when proof is offered conforming such allegation, not effected by subject matter of prayer of petition, general rule being that prayer is not part of allegations.

Error to Common Pleas.
Judgment affirmed.

Paul S. Crampton and Garry C. Gahn, Cleveland, for Herron Co.

Boyd, Cannon, Brooks & Wickham, Cleveland, for Jones.

## STATEMENT OF FACTS.

The plaintiff below was Wm. F. Jones, and the defendant was The James H. Herron Co.

It is alleged that the plaintiff and defendant entered into a written contract, under the terms of which the defendant was to lease to the plaintiff the first floor and a quarter of the basement of a certain building located in the City of Cleveland. The consideration agreed upon was $4,000 per year, payable in certain installments.

The petition further alleges that in June, 1923, and on various occasions, he demanded a lease under the terms of the contract, and alleges that the defendant refused to execute one. That on June 30, 1923 the plaintiff prepared a lease embodying the terms of the aforesaid written contract which plaintiff desired and offered to execute, but to which defendant refused to attach the signature of the corporation. In the meantime, subsequent to the entering into the contract for the lease, the plaintiff executed a written contract with one A. D. Goodman to assign the lease or sublet the premises to Goodman for a consideration of $3,000 over and above the rentals and certain other expenses as mentioned in the contract for the lease, and the further allegation is made that the assignment or subletting was to be strictly in accordance with the terms of the lease to be executed.

Subsequently, according to the allegations of the petition, the defendant having learned of said contract for a lease with said Goodman, refused to execute a lease according to the terms of the contract heretofore mentioned, unless the plaintiff would agree to pay the corporation a portion of said sum to be paid by Goodman in excess of the rental and other expenses provided in the terms of the lease. Thereupon, plaintiff refused and on June 30, 1923, it is alleged that the defendant entered into a contract of lease with the said Goodman, wherein the premises desired were leased to Goodman direct. It is claimed that by said act the plaintiff was deprived of his profit of $3,000 on said lease.

The Herron Co. filed an amended answer and cross-petition, and the first defense denied each and every allegation of the petition, and the second defense is that there could be no sub-leasing or assignment without the consent of The James H. Herron Co.

### OPINION OF COURT.

The following is taken, verbatim, from the opinion.

SULLIVAN, PJ.

It is charged that the judgment should be reversed because a certain lease was assigned and sub-let contrary to a provision to that effect, and that certain evidence of an incompetent nature was offered, under objection, as bearing upon the measure of damages for breach of contract, and further, that the court erred in overruling the motion for a new trial.

The written contract of May, 1923, in our judgment, according to the record, substantially embodied the terms upon which the lease was to be based and, in substance, comprised all the essential terms necessary for such a contract, and this bears upon one of the salient features of the case as to whether there were any terms yet to be understood, agreed upon and fulfilled, because whether such a situation existed, depended upon the plaintiff's right to have a lease based upon the terms of the contract and in pursuance thereof. There was no inhibition in the terms of said contract against sub-letting or assigning the lease under the terms of the contract above noted, and while a penciled memoranda appears tending to that effect, it is our judgment, from the record, that it is not founded upon such authority as would be required to have a meeting of the minds, and consequently is of no material avail in the record, on account of its vagueness and uncertainty. We think that the proof failed to show that there was any understanding in the original contract that such terms were agreed upon or were to become part and parcel of the contract upon which the lease might be founded. Hence, we think there is no prejudicial error in this record, and the reason is that the terms of the contract had been substantially completed and without an express inhibition against sub-letting or assigning, claims based upon such propositions would be without foundation in law.

In Braunstein v. McCory Stores Corporation, 23 American Law Reports, 133, the syllabus reads:

"A lessee may assign his lease in the absence of express provision in the lease to the contrary."

Evidence was offered to show the measure of damages by reason of the failure of Jones, the plaintiff below, to make a lease to Goodman on account of the fact that The James H. Herron Co. had leased to him direct, after the agreement for a lease made between Jones and Goodman, and the difference between the rent to be received and the annual value of the term, are proper considerations for a measure of damages, and the following authorities bear us out: Taylor v. Bradley, 39 N. Y. 129; 35 Corpus Juris, 1209; Neal v. Jefferson, 212 Mass. 517; Snodgrass v. Reynolds, 79 Ala. 452; Smith v. Hughey, 66 Ore. 134; Sloan v. Hart, 150 N. Car. 269.

It is argued that the prayer of the petition asked for the sum of $3,000 that therefore this disregarded the measure of damages, but the fact that the evidence was offered as to the measure of damages makes the subject matter of the prayer immaterial, not only as to the case at bar, but under the general rule that a prayer is no part of the allegations of the petition.

(Vickery and Levine, JJ., concur.)